B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>PS Funding, Inc. | DEFENDANTS<br>Shaw 3rd Holdings, LLC, et al. |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Lisa M. Ernest, Esq. (DC Bar 999153)<br>8100 Boone Boulevard, Suite 600, Vienna, Virginia 22182<br>(T) 703-245-0298/(F) 703-821-1618<br>lisa.ernest@fnf.com | ATTORNEYS (If Known)<br>Christopher Rogan, counsel for Shaw 3rd Holdings, LLC |
| PARTY (Check One Box Only)<br>☐ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Claim to determine the validity and priority of liens on the property located at 1901 3rd Street, NW, Washington, DC 20020, pursuant to Bankruptcy Rule 7001(2), 7001(8), 11 U.S.C. 506, and 28 U.S.C. 2201.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☒ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et. seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Shaw 3rd Holdings, LLC || BANKRUPTCY CASE NO.<br>20-00467-ELG ||
| DISTRICT IN WHICH CASE IS PENDING<br>US Bankruptcy Court for the District of Columbia || DIVISION OFFICE | NAME OF JUDGE<br>Judge Elizabeth L. Gunn |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>04/22/2021 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Lisa M. Ernest, Esq. ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **SHAW 3rd HOLDINGS, LLC** ) | Case No. 20-000467-ELG |
| ) | Chapter 11 |
| **Debtor.** ) | |
| _____ ) | |
| ) | |
| **PS FUNDING, INC.** ) | |
| 2121 Park Palace, Suite 250 ) | |
| El Segundo, CA 90245 ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Adversary Proceeding No.** |
| ) | |
| **THREE SISTERS CAPITAL PARTNERS, LLC** ) | _____ |
| Serve: Brendan Lewis, R/A ) | |
| 4640 38th Street, N ) | |
| Arlington, VA 22207 ) | |
| ) | |
| and ) | |
| ) | |
| Serve: Muriel Bowser, Mayor of the ) | |
| District of Columbia, R/A ) | |
| via her authorized representative ) | |
| Superintendent of Corporations ) | |
| DC Department of Consumer and ) | |
| Regulatory Affairs ) | |
| 1100 4th Street, SW ) | |
| 4th Floor ) | |
| Washington, DC 20024 ) | |
| ) | |
| **LAWRENCE TUCKER, ESQ., TRUSTEE** ) | |
| Serve: Lawrence Tucker ) | |
| 8133 Leesburg Pike, Suite 900 ) | |
| Vienna, VA 22182 ) | |
| ) | |
| **Creditor/Defendants,** ) | |
| ) | |
| and ) | |
| ) | |
| **SHAW 3rd HOLDINGS, LLC, Debtor** ) | |
| Serve: c/o Christopher L. Rogan, Esq. ) | |

| | |
|---|---|
| RoganMillerZimmerman, pllc | ) |
| 50 Catoctin Circle, NE, Suite 333 | ) |
| Leesburg, VA 20176 | ) |
| | ) |
| **Debtor/Defendant.** | ) |

## ADVERSARY COMPLAINT

COMES NOW, Plaintiff, PS Funding, Inc. ("Lender" or "Plaintiff"), by counsel, and for its Complaint against the above-captioned defendants, states as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334, and under 28 U.S.C. Section 157.

2. This is a core proceeding within the meaning of 28 U.S.C. Section 157 (b)(2).

3. This Adversary Proceeding is filed under Bankruptcy Rules 7001(2) and 7001(8), and pursuant to 11 USC 506 and under 28 U.S.C. § 2201, to declare the rights and lien priorities of deeds of trust recorded in the Office of the Recorder of Deeds for the District of Columbia ("Land Records") encumbering the property that was an asset of the Debtor and now Bankruptcy Trustee.

4. Defendant/Debtor Shaw 3rd Holdings, LLC filed a Chapter 11 (converted from a Chapter 7), Case 20-000467-ELG on December 2, 2020, which is presently pending.

5. Prior to the bankruptcy filing, Plaintiff filed a civil action in the DC Superior Court, on November 17, 2020, Case No. 2020 CA 004734 R(RP), naming the same parties to this Adversary Proceeding ("Civil Action"). A *lis pendens* was filed with the Land Records on November 19, 2020. The remedies sought in the Civil Action are the same sought in this Adversary Complaint. However, given that the property at issue is within

2

the jurisdiction and control of this Court due to the bankruptcy filing, Plaintiff now seeks to resolve the lien priority issues raised in the Civil Action with this Court.

### Parties

6. Plaintiff is a Delaware corporation, with its principal place of business at 2121 Park Palace, Suite 250, El Segundo, California 90245. Plaintiff is the current beneficiary of a deed of trust encumbering property located in the District of Columbia, dated February 28, 2019 and recorded in the District of Columbia Land Records ("Land Records") as Instrument No. 2019-022225 ("Plaintiff's DOT"). See **Exhibit A**.

7. Defendant Three Sisters Capital Partners, LLC is a Virginia limited liability company, not authorized to transact business in the District of Columbia. Defendant Three Sisters Capital Partners, LLC is the beneficiary of a deed of trust related to certain property located in the District of Columbia that is the subject of this lawsuit. Pursuant to DC Code § 29-809.09(b), because Defendant Three Sisters Capital Partners, LLC is not authorized to transact business in the District of Columbia, the Mayor of the District of Columbia is named as a registered agent (Mayor's Order 2009-65).

8. Defendant Lawrence E. Tucker, Trustee may be claiming an interest in the property that is the subject of this lawsuit as trustee to the deed of trust benefitting Three Sisters Capital Partners, LLC.

9. Shaw 3rd Holdings, LLC is a revoked District of Columbia limited liability company, and is the owner of real estate located in the District of Columbia that is the subject of this litigation. Due to its status as a revoked limited liability company, in the abundance of caution, the Managing Members, Napoleon Ibiezugbe and Kevin Falkner, and the Mayor of the District of Columbia are named as an additional parties (Mayor's

Order 2009-65) for service of the revoked company.

## Facts

10. Pursuant to a deed dated September 29, 2015 and recorded among the Land Records on October 1, 2015 as Instrument No. 2015-100137, and attached hereto as **Exhibit B**, Shaw 3rd Holdings, LLC ("Shaw"), became the fee simple owner of real property known at the time as 1901 3rd Street, NW, Washington, DC 20020, Square 3088 Lot 0020 (the "Original Parcel").

11. On or about January 19, 2016, Shaw obtained a refinance mortgage from non-party JM1 Investments, LLC in the amount of $1,400,000.00 ("2016 First Mortgage"), secured by a deed of trust recorded in Land Records on January 22, 2016 as Instrument No. 2016-007318 ("JM1 DOT"). See **Exhibit C**.

12. On or about May 10, 2016, Shaw obtained a second mortgage from non-party Tucker Family, LLC in the amount of $400,000.00 ("2016 Second Mortgage"), secured by a second priority deed of trust recorded in Land Records on May 19, 2016 as Instrument No. 2016-050255 ("Tucker DOT"). See **Exhibit D**. Upon information and belief, the attorney that prepared the Tucker DOT is the same person as the Defendant Lawrence Tucker, Trustee.

13. On July 23, 2018, Shaw obtained a third mortgage from Defendant Three Sisters Capital Partners, LLC ("TSCP") in the amount of $300,000.00 ("TSCP Third Mortgage"), secured by a third priority deed of trust recorded in Land Records on September 6, 2018 as Instrument No. 2018-089371 ("TSCP DOT"). See **Exhibit E**. Defendant Lawrence Tucker, Trustee is named as the trustee to the TSCP DOT, and otherwise prepared the TSCP DOT.

14. After obtaining three separate mortgages on the Original Parcel, Shaw subdivided the Original Parcel and created a two-unit condominium (the "Property"), as evidenced by the Condominium Declaration dated February 22, 2019, and recorded in Land Records as Instrument No. 2019-018153.

15. A few days after creating the condominium, Shaw refinanced the first two mortgages on the Property by obtaining a loan from Plaintiff in the amount of $2,122,500 ("Plaintiff's Mortgage"), secured by the Plaintiff's DOT.  See **Exhibit A**.

16. The net proceeds from Plaintiff's Mortgage paid off the first-priority lien of the 2016 First Mortgage and the second-priority lien of the 2016 Second Mortgage.  See Settlement Statement, **Exhibit F**.

17. The JM1 DOT and Tucker DOT were released as liens on the Property because of the payoff from the proceeds of Plaintiff's Mortgage.  See Certificates of Satisfaction, **Exhibit G**.

18. The parties to Plaintiff's DOT intended it to be a first-priority lien, to replace the first-priority and second-priority lien of the JM1 DOT and Tucker DOT that it paid off.

19. However, due to mistake or scrivener's error, a Subordination Agreement was not procured or recorded from the third lien position holder – Defendant TSCP, evidencing that the TSCP DOT would remain an inferior lien to Plaintiff's DOT.

20. Plaintiff is the current beneficiary of Plaintiff's DOT pursuant to an Assignment of Deed of Trust dated February 28, 2019 and recorded in Land Records as Instrument No. 2019-022226.  See **Exhibit H**.

21. The existence of the TSCP DOT, which only occupied a third-priority lien position, without a subordination agreement, has created a cloud on Plaintiff's lien interest in the Property.

22. All parties necessary for a resolution of this matter are before the Court in this matter.

## COUNT I – EQUITABLE SUBROGATION

23. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. Under the facts and circumstances of this matter, Plaintiff is equitably entitled to be subrogated to the superior lien positions of the JM1 DOT and Tucker DOT, against the Property, which was paid off in full by the proceeds of the Plaintiff's Mortgage.

25. The amount paid off on the liens of the JM1 DOT and Tucker DOT totaled $1,996,000.00. See Settlement Statement, **Exhibit F**.

26. Defendants would not be prejudiced by such subrogation. Of note, Defendant TSCP knew it had a third-priority lien position when it provided Shaw with the TSCP Third Mortgage, and would not be prejudiced by the equitable subrogation.

27. Plaintiff has no adequate remedy at law.

WHEREFORE, as to Count I, Plaintiff prays that the Court declare the rights of the parties, and further enter an Order declaring that the Plaintiff's DOT is equitably subrogated and stand in the place and priority of the JM1 DOT and Tucker DOT, and that the TSCP DOT and all other liens are subordinate thereto up to the amount of $1,996,000.00, that the Clerk of the Court index such Order in the names of all parties hereto, and for all such other relief as the Court deems just and proper.

## COUNT II – QUIET TITLE

28. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1 through 22 of the Complaint as if fully set forth herein.

29. It was the intent of the parties to Plaintiff's DOT that Plaintiff's DOT would occupy a first lien position against the entirety of the Property.

30. The failure to procure a subordination agreement of the third priority TSCP DOT at the time of the refinance constitutes a cloud on Plaintiff's title lien interest to the Property.

31. Plaintiff has no adequate remedy at law.

WHEREFORE, if this Honorable Court enters an order granting Count I, Plaintiff prays that the Court also enter an Order quieting title to the Property, confirming that the Plaintiff's DOT is a first-priority lien against the Property, that the TSCP DOT is subordinate thereto; and that the Clerk of the Court be ordered to index such Order in the names of all parties hereto in the Land Records, and for all such other relief as the Court deems just and proper.

## COUNT III – DECLARATORY JUDGMENT

32. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1 through 22 of the Complaint as if fully set forth herein.

33. The Parties to Plaintiff's DOT understood and intended that the Plaintiff's Loan would be fully secured by a first-priority lien against the entire Property.

34. The failure to obtain a subordination agreement has created uncertainty concerning the respective rights and interests in the Property between Plaintiff and all Defendants.

35. Equity and the ends of justice require that Plaintiff's DOT be declared a valid first-priority lien on the Property as was the intent of the Parties to Plaintiff's DOT and that the lien of the TSCP DOT be subordinate thereto.

36. Defendants have refused to recognize the superior lien position of Plaintiff's DOT.

37. An actual, justiciable controversy therefore exists between the parties regarding the relative priority of the liens against the Property.

WHEREFORE, if this Honorable Court grants Count I, Plaintiff prays that the Court also enter an Order, declaring Plaintiff's DOT is a first-priority lien against the Property, that any other liens against the Property are subordinate thereto, that the Clerk of the Court be ordered to index such Order in the names of all parties hereto in the Land Records, and for all such other relief as the Court deems just and proper.

Respectfully submitted,

**PS FUNDING, INC.**
By Counsel

FIDELITY NATIONAL LAW GROUP
The Law Division of Chicago Title Insurance Company

By:  /s/ Lisa M. Ernest
_____
Lisa M. Ernest, Esq. (DC Bar 999153)
8100 Boone Boulevard, Suite 600
Vienna, Virginia 22182
(T) 703-245-0298/(F) 703-821-1618
lisa.ernest@fnf.com
*Counsel for Plaintiff*